Regis Fernandez, Esq. (RF-0555)
18 Green Street, 3rd Fl.
Newark, New Jersey 07102
(973) 297-0002 (tele)
(973) 297-0003 (fax)
Attorney for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHAM E. JANNEH ) | |
|     Agency A#97 514 804 ) | |
|         Petitioner, ) | Civil Action No. |
| v. ) | |
| ) | |
| ALBERTO GONZALES, ) | Hon. |
| Attorney General of the ) | |
| United States of America, and, ) | |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary of the Department of ) | |
| Homeland Security, (DHS) and, ) | |
| ) | |
| JULIE L. MYERS, ) | |
| Assistant Secretary, ) | |
| United States Immigration and ) | |
| Customs Enforcement (ICE), and, ) | |
| ) | |
| OSCAR AVILES, ) | |
| Warden, Hudson County ) | |
| Correctional Center, ) | |
| ) | |
|         Respondents. ) | |

**VERIFIED HABEAS CORPUS PETITION**

**INTRODUCTION**

1. Petitioner Abraham E. Janneh hereby seeks habeas review of his potentially indefinite custody status as a detainee of the United States Immigration and Customs Enforcement agency ("ICE"). Mr. Janneh is 32-year old male native and citizen of Gambia who was granted voluntary departure by the Immigration Court

1

at Oakdale, Louisiana on October 8, 2004 and failed to depart because the Gambian Consulate refused to issue him a travel document. He has been in continuous ICE custody at the Hudson County Jail since being arrested or about September 22, 2005. According to the Respondents, the Gambian Consulate continues to refuse to issue him a travel document. Having surpassed the 6-month period, the constitutionality of Mr. Janneh's detention by the Respondents is now in question. Thus, Mr. Janneh requests that the Respondents show cause why his detention should not be declared illegal.

## JURISDICTION

2. This action arises under Customary International Law, the United States Constitution and the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq.. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 et. seq., and Art. I & 9, Clause 2 of the United States Constitution (Suspension Clause). Petitioner is detained at the Hudson County Correctional Center, located in South Kearny, New Jersey under the authority of the United States in violation of the Constitution and laws of the United States.

## VENUE

3. Venue lies in this Court because Petitioner is detained at the Hudson County Correctional Center which is located in South Kearny, New Jersey.

## PARTIES

4. Petitioner Abraham E. Janneh is a 32-year old native and citizen of Gambia who originally entered the United States legally as a visitor on or about November 22, 1999. He seeks issuance of a writ of habeas corpus.

5. Respondent Alberto Gonzales is sued in his official capacity as the Attorney General of the United States. In this capacity he is responsible for administering and enforcing the immigration laws pursuant to 8 U.S.C. § 1103 and is the Petitioner's legal custodian.

6. Respondent Michael Chertoff is sued in his official capacity as Secretary of the Department of Homeland Security the agency in charge of administering and enforcing the immigration laws in New Jersey and is the Petitioner's legal custodian.

7. Respondent Julie L. Myers is sued in her official capacity as the Assistant Secretary of the United States Immigration and Customs Enforcement (ICE) the department within the Department of Homeland Security and in this capacity she is responsible for administering and enforcing the immigration laws in New Jersey and is Petitioner's legal custodian.

8. Respondent Oscar Aviles is sued in his official capacity as the Warden of the Hudson County Correctional Center and in this capacity he is the Petitioner's actual physical custodian.

## FACTS

9. Petitioner Abraham E. Janneh ("Petitioner" or "Mr. Janneh") is a 32-year-old native and citizen of Gambia who was originally lawfully admitted to the United States on or about November 22, 1999 through JFK New York Airport.

10. Since being in the United States Mr. Janneh has worked as a street vendor selling music on compact disks. He has a conviction for selling unlicensed compact disks.

11. In 2004 Mr. Janneh was put in removal proceedings. On or about October 8, 2004, Mr. Janneh was granted voluntary departure by an immigration judge at Oakdale, Louisiana. He was also released on $2,500 bail by ICE. Mr. Janneh, however, failed to depart because the Gambian Consulate refused to renew his passport.

12. On or about September 22, 2005, Mr. Janneh was placed in ICE custody again and transferred to the Hudson County Correctional Center in South Kearny, New Jersey. He has remained in continuous ICE custody for over six-months now.

13. On December 12, 2005 the U.S. Immigration and Customs Enforcement issued Mr. Janneh a "Notice to Alien of File Custody Review." See Exhibit A. Notice to Alien of File Custody Review.

14. On December 27, 2005, the Acting Field Office Director issued a "Decision to Continue Detention" stating "Review of your case indicates that you were granted Voluntary Departure by an Immigration Judge on 10/08/2004, until 2/15/2005. You did not comply with the Immigration Judge's grant and you are now subject to a final order of removal. Immigration and Customs Enforcement detained you on 9/22/2005, following you recent arrest for Robbery and Assault. You have numerous convictions for the crimes of Trademark Counterfeiting, Fraud, Public Order Crimes and Tax Evading as a result of eight previous arrests. The Embassy of Gambia is researching your claim to Gambian citizenship. Their response is anticipated in the reasonably foreseeable future. Based upon your history of bench warrants and noncompliance with the Immigration Laws of the United States, you would appear to pose a significant risk of flight if released from

4

custody at this time…If you have not been released or removed from the United States by March 22, 2006, jurisdiction of the custody decision in your case will be transferred to Headquarters Post Order Unit (HQPDU)…" <u>See</u> Exhibit B. Decision to Continue Detention.

15. Since Mr. Janneh's voluntary departure converted into a final order of deportation and since his arrest again by ICE, Mr. Janneh has remained detained at the Hudson County Correctional Center in South Kearny, New Jersey for over six months even though his removal is not reasonably foreseeable in the future.

16. Notwithstanding Petitioner's repeated requests for parole, he has remained detained at the Hudson County Correctional Center in South Kearny, New Jersey without being released.

17. Mr. Janneh has cooperated with the Respondents in effectuating his removal.

18. The Respondents cannot effectuate Mr. Janneh's removal in the reasonably foreseeable future.

19. Petitioner has exhausted all administrative remedies. He has a final order of removal from the Immigration Court.

20. Mr. Janneh's removal from the United States cannot be effectuated in the reasonably foreseeable future. Absent judicial review of his custody claim, Petitioner will suffer irreparable injury by being deprived of his physical liberty. He seeks the only avenue of judicial review available to him, habeas review.

## COUNT I

21. The allegations contained in paragraphs 1 through 20 above are repeated and realleged as though fully set forth herein. Mr. Janneh's continued detention

5

beyond the six-month post-removal period violates the Due Process clause of the United States Constitution.

## COUNT II

22. The allegations contained in paragraphs 1 through 20 are repeated and realleged as though fully set forth herein. Mr. Janneh's continued detention is not authorized by the Immigration and Nationality Act.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court:

1. Issue a Writ of Habeas Corpus directed to Respondents requiring them to immediate release the Petitioner from custody absent a showing that his removal can be effectuated in the reasonably foreseeable future;

2. Award Petitioner costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

3. Grant any other and further relief that this Court may deem necessary and proper.

\_\_s/ Regis Fernandez_____          Dated: April 24, 2006
Regis Fernandez, Esq. (RF-0555)
18 Green Street, 3rd Fl.
Newark, NJ 07102
(973) 297-0002 (Tele)
(973) 297-0003 (Fax)
Attorney for Petitioner