Regis Fernandez, Esq. (RF-0555)
18 Green Street, 3rd Fl.
Newark, New Jersey 07102
(973) 297-0002 (tele)
(973) 297-0003 (fax)
Attorney for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABRAHAM E. JANNEH | ) | |
|     Agency A#97 514 804 | ) | |
|         Petitioner, | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, | ) | Hon. |
| Attorney General of the | ) | |
| United States of America, and, | ) | |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary of the Department of | ) | |
| Homeland Security, (DHS) and, | ) | |
| | ) | |
| JULIE L. MYERS, | ) | |
| Assistant Secretary, | ) | |
| United States Immigration and | ) | |
| Customs Enforcement(ICE), and, | ) | |
| | ) | |
| OSCAR AVILES, | ) | |
| Warden, Hudson County | ) | |
| Correctional Center, | ) | |
| | ) | |
|         Respondents. | ) | |

**PETITIONER'S BRIEF IN SUPPORT OF HIS HABEAS CORPUS PETITION**

**INTRODUCTION**

      Abraham E. Janneh, a 32-year old native and citizen of Gambia has filed the instant habeas corpus petition challenging the legality of his continued detention by the Respondents since September 22, 2005. He submits that pursuant to the United States Supreme Court's decision his continued detention is unconstitutional.

**FACTS OF THE CASE**

Petitioner Abraham E. Janneh ("Petitioner" or "Mr. Janneh") is a 32-year-old native and citizen of Gambia who was originally lawfully admitted to the United States on or about November 22, 1999 through JFK New York Airport.

Since being in the United States Mr. Janneh has worked as a street vendor selling music on compact disks. He has a conviction for selling unlicensed compact disks.

In 2004 Mr. Janneh was put in removal proceedings. On or about October 8, 2004, Mr. Janneh was granted voluntary departure by an immigration judge at Oakdale, Louisiana. He was also released on $2,500 bail by ICE. Mr. Janneh, however, failed to depart because the Gambian Consulate refused to renew his passport.

On or about September 22, 2005, Mr. Janneh was placed in ICE custody again and transferred to the Hudson County Correctional Center in South Kearny, New Jersey. He has remained in continuous ICE custody for over six-months now.

On December 12, 2005 the U.S. Immigration and Customs Enforcement issued Mr. Janneh a "Notice to Alien of File Custody Review." See Exhibit A. Notice to Alien of File Custody Review.

On December 27, 2005, the Acting Field Office Director issued a "Decision to Continue Detention" stating "Review of your case indicates that you were granted Voluntary Departure by an Immigration Judge on 10/08/2004, until 2/15/2005. You did not comply with the Immigration Judge's grant and you are now subject to a final order of removal. Immigration and Customs Enforcement detained you on 9/22/2005, following you recent arrest for Robbery and Assault. You have numerous convictions for the crimes of Trademark Counterfeiting, Fraud, Public Order Crimes and Tax Evading as

a result of eight previous arrests.  The Embassy of Gambia is researching your claim to Gambian citizenship.  Their response is anticipated in the reasonably foreseeable future.  Based upon your history of bench warrants and noncompliance with the Immigration Laws of the United States, you would appear to pose a significant risk of flight if released from custody at this time…If you have not been released or removed from the United States by March 22, 2006, jurisdiction of the custody decision in your case will be transferred to Headquarters Post Order Unit (HQPDU)…"  See Exhibit B. Decision to Continue Detention.

      Since Mr. Janneh's voluntary departure converted into a final order of deportation and since his arrest again by ICE, Mr. Janneh has remained detained at the Hudson County Correctional Center in South Kearny, New Jersey for over six months even though his removal is not reasonably foreseeable in the future.

      Notwithstanding Petitioner's repeated requests for parole, he has remained detained at the Hudson County Correctional Center in South Kearny, New Jersey without being released.

      Mr. Janneh has cooperated with the Respondents in effectuating his removal.

      The Respondents cannot effectuate Mr. Janneh's removal in the reasonably foreseeable future.  Petitioner has exhausted all administrative remedies.  He has a final order of removal from the Immigration Court.  Mr. Janneh's removal from the United States cannot be effectuated in the reasonably foreseeable future.  Absent judicial review of his custody claim, Petitioner will suffer irreparable injury by being deprived of his physical liberty.

## LEGAL ARGUMENT

### I. THIS COURT HAS JURISDICTION TO HEAR MR. JANNEH'S HABEAS PETITION.

The Writ of Habeas Corpus has a pre-eminent role in our constitutional system and "is the fundamental instrument for safeguarding individual freedom against arbitrary or lawless state action." Harris v. Nelson, 294 U.S. 286, 290 (1969); U.S. Const. Art. I §9 cl2. Recently, in INS v. St. Cyr., 533 U.S. 289 (2001), the United States Supreme Court reaffirmed that aliens detained by the INS can petition for writs of habeas corpus under 28 U.S.C. §2241. The Court held that "[a]t its historic core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in that context that its protections have been the strongest." Id. at 301. Similarly, in the Supreme Court case of Zadvydas v. Davis, 533 U.S. 678 (2001), the Court held that it had jurisdiction to review detention pursuant to INA Section 241, 8 U.S.C Section 1231(a)(6); See Ngo v. INS, 192 F.3d 390, 393 (3d Cir. 1999)(jurisdiction over habeas custody review of an excludable alien). Thus, in the instant case involving a deportable alien, habeas review should unquestionably be available.

### II. MR. JANNEH'S CONTINUED DETENTION VIOLATES THE INA AND THE UNITED STATES CONSTITUTION PURSUANT TO THE UNITED STATES SUPREME COURT'S DECISION IN ZADVYDAS V. DAVIS.

The Respondents cannot effectuate Mr. Janneh's removal in the reasonably foreseeable future as the Gambian Consulate has refused to issue his travel documents since 2004. Thus, he finds himself in a legal limbo and subject to potentially indefinite detention. Fortunately, the law provides limits on immigration detention that has surpassed six months.

First, the post-removal-detention statute in question, INA §241 (a)(6), 8 U.S.C. Section 1231 states:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In Zadvydas v. Davis, 533 U.S. 533 U.S. 678, 682 (2001), the United States Supreme Court interpreted the above statute and addressed the issue of the continued detention of an alien who had been ordered removed on a deportability ground pursuant to this statute. Concluding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," the Court in Zadvydas read into the statute a provision to limit a deportable alien's "post-removal period detention to a period reasonably necessary to bring about the alien's removal from the United States." Id. at 689. Borrowing from the previous statute, the Court recognized six-months as a presumptively reasonable period of post-removal-period detention. Id. at 699.

As in the Supreme Court's Zadvydas decision the instant case involves a deportable alien. In the instant case, Mr. Janneh was placed in removal proceedings and charged with a ground of deportability. Thus, he is clearly covered by the Zadvydas decision based on his former status as a person with had been previously admitted to the United States.

As the Zadvydas court ruled, six months is a presumptively reasonable period of post-removal detention for deportable aliens. After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of

5

removal in the reasonably foreseeable future. If he does make this showing, ICE must rebut it to keep him in custody. Id. "For detention to remain reasonable, as the period of post-removal period confinement grows, what counts as 'reasonably foreseeable future' conversely would have to shrink. Id[1].

As mentioned below, there is no foreseeable possibility of removing Mr. Janneh to Gambia as that consulate has refused to issue him a travel document for over two years, since 2004. In addition, there is no evidence that Mr. Janneh is a resident, national, or citizen of another country. Thus, without reasonable proof that Mr. Janneh can be removed to a third country, the Respondents cannot rebut the presumption under Zadvydas that he should be released and that his continued detention is unconstitutional. Most importantly, the record establishes that Mr. Janneh is not being denied release because of a failure to cooperate with the U.S. Government. Thus, for Petitioner's detention to remain reasonable, as the period of post-removal confinement grows, what qualifies as "reasonably foreseeable future" conversely would have to shrink. Zadvydas, 533 U.S. at 703. Based on the record, this Court should conclude that the Petitioner has met his burden of proof under Zadvydas to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Because the Gambian government has refused to issue Mr. Janneh a travel

---

[1] Following Zadvydas, immigration regulations were amended to provide guidelines for the ICE to use in determining whether removal is reasonably foreseeable:
> The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of he Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country of countries in question, and the receiving country's willingness to accept the alien into its territory. Where the Service is continuing its efforts to remove the alien, there is no presumptive period of time within which the alien's removal must be accomplished, but the prospects for the timeliness of removal must be reasonable under the circumstances.

8 C.F.R. §241.13(f).

document for over two years, a good reason exists to believe that Mr. Janneh's removal cannot be effectuated in the foreseeable future.

Once Petitioner establishes that removal is not likely in the reasonably foreseeable future, the burden shifts to the Government to rebut this showing. <u>Zadvydas</u>, 533 U.S. at 701. The Government may seek to rebut this showing by demonstrating that repatriation is likely very soon and second, that if repatriation is not likely in the "reasonably foreseeable future," the delay is Petitioner's own fault, and thus, the proscriptions of <u>Zadvydas</u> have no application. Here both claims must fail.

As noted above, the Petitioner has cooperated with the U.S. Government. There is nothing in the record to suggest otherwise.

Second, without any concrete evidence that Respondents have made progress in obtaining Mr. Janneh's passport, removal to Gambia or any country is unlikely. Thus, this Court should uphold the <u>Zadvydas</u> presumption against detention. No such evidence exits. Thus, based on the record before the Court, however, the Government has not rebutted the presumption that repatriation is not likely to occur in the reasonably foreseeable future.

## CONCLUSION

For the foregoing reasons, this Court should grant the instant writ and immediately order Mr. Janneh released on any reasonable conditions as the DHS may set.

 /s Regis Fernandez                                      Dated: April 24, 2006
Regis Fernandez, Esq.
18 Green Street, 3rd Fl.
Newark, NJ 07102
(973) 297-0002 (Tele)
(973) 297-0003 (Fax)
Attorney for Petitioner